## CIVIL RIGHTS COMPLAINT
## 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

CV 07    1844

GARAUFIS, J.

GREGORY WHITE #07-A-1905,
Full name of plaintiff/prisoner ID#

BLOOM, M.J.

Plaintiff,

JURY TRIAL DEMAND
YES_____   NO XXXXX

-against-

NYS DIV. of PAROLE, EXEC. DEPT.
NYC POLICE DEPARTMENT
THE LEGAL AID SOCIETY

Enter full names of defendants
[Make sure those listed above are
identical to those listed in Part III.]

RECEIVED
MAY 0 2 2007
PRO SE OFFICE

Defendants.
------------------------------------------------X

I.   Previous Lawsuits:

   A.   Have you begun other lawsuits in state or federal court
        dealing with the same facts involved in this action or
        otherwise relating to your imprisonment?  Yes (XX) No ( )

   B.   If your answer to A is yes, describe each lawsuit in the space below
        (If there is more than one lawsuit, describe the additional lawsuits
        on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit:

           Plaintiffs:   GREGORY WHITE

           Defendants:   NYS Div. of PAROLE, THE STATE
                         OF NEW YORK, Hon. John Walsh
                         Charles Hynes

        2. Court (if federal court, name the district;
           if state court, name the county)
           Southern District, Eastern District

        3. Docket Number:  N/A

1

4. Name of the Judge to whom case was assigned: ___N/A___

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   _All mattes are still pending_

6. Approximate date of filing lawsuit: _10/23/06, 4/3/07_

7. Approximate date of disposition: _Still pending_

II. Place of Present Confinement: _Downstate Corr. Fac., Red Schoolhouse Road Box F Fishkill, NY 12524_

   A. Is there a prisoner grievance procedure in this institution? Yes (x) No ( )

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (x) No ( )

   C. If your answer is YES,

   1. What steps did you take? _I complained to the grievance personal and had been informed that I must take the matter to court by submitting a civil action_

   2. What was the result? _I conducted legal research and have found that my rights were violated and I've filed this cause of action_

   D. If your answer is NO, explain why not _____

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( )

   F. If your answer is YES,

   1. What steps did you take? _____

   2. What was the result? _____

III. Parties:
   (In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A. Name of plaintiff __GREGORY WHITE__
      Address __Red Schoolhouse Road Box F__
      __Downstate Corr. Fac., Fishkill, NY 12524 Box F__

   (In item B below, place the full name and address of each defendant)

   B. List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1    NYS Division of Parole, Exec. Dept.
                   97 Central Ave.
                   Albany, NY 12206

Defendant No. 2    New York City Police Department
                   1 Police Plaza
                   New York, NY 10038

Defendant No. 3    The Legal Aid Society
                   111 Livingston St.
                   Brooklyn, NY 11201

Defendant No. 4    The State of New York

Defendant No. 5    The City of New York

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

3

IV.     Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

On May 19, 2006 at about 10:20 pm, plaintiff was the victim of an unreasonable search. The search was lead by parole officer **Earl Covington** along with various other parole officers. Also a police officer Darien R. Quash, shield #29652 of the 187 command was a particular participant in the **illegal search**. The police officer was not in uniform. Prior to and during the search plaintiff was in handcuffs administered by parole Earl Covington. Plaintiff explicity told law enforcement officials repeatedly that they did not have consent to search the premises. There existed neither exigent circumstances nor a articulable reason for an unreasonable search. Therefore a warrant should have issued to the parole officer to search parolee's residence upon the officers showing that the described home to be searched is the residence of parolee, (continue next page...)

IV. A    If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

Plaintiff suffers from a series of mental problems to include but not to the following as an end result of the deliberate violation of plaintiff's rights; to wit the **illegal actions**; pain and suffering, mental anguish, samatic depression., loss of liberty, wrongful term of imprisonment, loss of a family member, loss of income (SSI) loss of 50% of government pension, loss of potential income loss of potential lottery winnings plaitiff had been taking medication in relation to the matters complained of in this action. Plaintiff had been hearing vocies due to the wrongful acts of the defendants named herein this complaint.

4

(continuation from previous page...)

in which he lives alone or in the company of persons identified or otherwise described. That the parole officer has reasonable cause to believe that the parolee is violating or is in imminet danger of violating, one or more specified conditions of his parole; and that he has reasonable cause to believe that evidence of such actual or impending violations will be found in the home to be searched.

Evidentiary support for probable cause showing need not meet the high standards of Aguilar-Spinelli, but it could not be based on the officer's hunches unsupported by articulated facts, Rather the standard should not be so loose as to offer the parolee no protection from arbitrary intrusions by parole officers from searches that are unjustifiably broad.

Whereas, the **constitutional right** to privacy is enforceable against the states through the **due process** clause, in same manner and to like effect as other basic rights secured by the due process clause. Transgression of constitutional right becomes accomplished fact at time of **illegal search and seizure.** All evidence obtained by searches and seizures in violation of the constitution is constitutionally **inadmissible in state courts.**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particulary describing the place to be searched and the persons or things to be seized.

Plaintiff asserts that the various parole officers and police officer violated plaintiff's constitutional rights knowingly and willingly by conducting a search without consent, search warrant, or probable cause. The parole officers also failed to adhere to the NYS Division of Parole's Policy and Procedure Manual governing searches and seizures (Manual Item 9405.04).

-4a-

While not in eyesight of plaintiff, the police officer claimed that he had found a white powered substance in a pair of boots in a closet. Said substance was newer field tested to confirm its identity. Whereby violating departmental policy and procedure, also the **due process of law clause**. When a police officer makes an **unlawful** arrest or conducts an **illegal** search, constitution requires exclusion of any evidence secured thereby. Primary if not sole justification for the exclusionary rule is the deterrence of police conduct that violates constitutional rights.

Exclusionary rule is applicable to both direct and indirect products of **unlawful** searches and it protects against use of unlawfully obtained verbal statements as well as use of other physical evidence. Exclusionary rule is to be applied after there has been **unreasonable search or seizure**. Exclusionary rule renders inadmissible any evidence which stems from use of **illegally** seized evidence, including defendants statements.

Evidence derived from violation of constitutional rights must be excluded no matter how reliable, if it is directly traceable to or is causally related to **unlawful official behavior**,. The knowingly and willingly deliberate malicious acts of those named defendants has caused plaintiff to wrongfully lose his liberty.

Whereas, the law enforcement officials acting within and beyond their official capacity failed to take the inititative to follow the policy and procedures mandated by their commands. At an evidentary hearing by viture of a Writ, that had been filed by an attorney for plaintiff. A **NYS Supreme Court Judge**, granted the relief sought in the application in favor of plaintiff, to wit: **dismissal of the charges with prejudice**, as predicated on the Violation of Release Report.

The **NYS Division of Parole** also **dismissed** the charges. Plaintiff promptly forwarded copies of the moving papers named above to the NYS Supreme Court of where an indictment on the same charges were pending.

-4b-

Whereas, the Court chose to ignore the previously determination of the related court and relitigated on a determined matter. Thereby putting plaintiff in double jeopardy, by trying plaintiff twice for the same thing, in violation of his **constitutional rights**.

Defense counsel **Scott L. Rudnick**, had first hand knowledge of the fact that plaintiff's constitutional rights were violated. But did nothing to litigate for dismissal of the indictment. Whereas, counsel's function in repersenting a criminal defendnt and hence owes client **duty of loyalty, a duty to advoid conflicts of interest**. Counsel also has duty to make reasonable investigations or to make a reasonable decision that makes particulary investigtions unnecessary.

Counsel failed to communicate accurate information to client about plea negotiations,. Used false repersentations and promises as inducements to plead guilty, Counsel used coercive means in letter form to get client to plead guilty. Counsel thus failed to file any pre-trial motions. Failed to demand a hearing on probable cause to arrest plaintiff. Despite plaintiff's repeated requests Mr. Rudnick failed to obtain the services of an investigator. Had an investigator been engaged the full story concerning plaintiff's illegal arrest would have been revealed resulting in the dismissal of all charges against plaintiff.

Counsel farther failed to request a hearing on physical evidence seized from the residence of plaintiff. Therefore, counsel was **ineffective** and such is construed as **attorney malpractice**. A violation of plaintiff's constitutional right. The defendants named herein were exorbitant by failing to adhere [t]o, the laws as is mandated by statute and by both the constitution of this State and of the United States.

Therefore, for the knowingly and willing violation of the guaranteed protected constitutional rights of plaintiff by the named defendants herein can only be interpreted as **deliberate harmful error**, by those stated herein as defendants acting in and beyond their official capacity. Plaintiff will submit documentary proof to support the **factual** matters herein complained of upon the Court's request.

-4c-

The harm that the plaintiff has suffered from as an end result of the illegal acts of the defendants are burned in plaintiff's mind. Such cannot be erased therefore the effects suffered from the actions of defendants are permanent nor can the time that was taken from plaintiff wrongfully be ever given back and or replaced. Therefore, plaintiff seeks to recover compensatory damages and monetary damages in which plaintiff deems that he is entitled to from defendants as an attempt to right the wrongful acts of the defendants.

-4d-

V.     Relief:

State what relief you are seeking if you prevail on your complaint.

The relief plaintiff seeks is that of a compensatory damages and monetary damages for the **deliberate indifference** that the defendants demonstrated in regards to ahereing to the laws of this State and of the United States particularlly to the failure to abide such guaranteed protected rights under the **constitutional rights** of plaintiff. Wherefore, plaintiff seeks to recover damages in the total amount of **$7.5 billion dollars** in connection of the wrongful acts of those named defendant for the numerous violation of plaintiff's **constitutional rights** acting in add beyond their official capacity any other further relief this court deems proper.

I declare under penalty of perjury that on __April 27, 2007__, I delivered this
                                              (Date)
complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.


Signed this __27th__ day of _____April_____, 20__07__. I declare under penalty of perjury that the foregoing is true and correct.

_[signature]_
Signature of Plaintiff

__Downstate Corr. Fac.__
Name of Prison Facility

__Red Schoolhouse Road Box F__

__Fishkill, NY 12524-0445__

Address

Prisoner ID# __07-A-1905__

5