# Amended Complaint

**FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

Gregory White   07-A-1905
_____,
Full name of plaintiff/prisoner ID#

07-CV-1844
(NGG)

Plaintiff,

-against-

Earl Covington
Darien R. Quash
Scott L. Rudnick
_____
Enter full names of all defendants

Defendants.

----------------------------------------x

TRIAL BY JURY DEMAND
YES ___  NO ✓

RECEIVED
JUN 22 2007
PRO SE OFFICE

I. Previous Lawsuits:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action/or otherwise relating to your imprisonment? Yes (✓) No ( )

B. If your answer to A is yes, describe the lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiffs: Gregory White

   Defendants: NYS Div. of Parole, Exec. Dept, State of New York, City of New York

2. Court (if federal court, name the district; if state court, name the county) Southern

3. Docket Number: N/A

3

4. Name of Judge to whom case was assigned: __N/A__

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
__Matter is still pending__

6. Approximate date of filing lawsuit: __About Oct. 23, 2006 & other N/A__

7. Approximate date of disposition: __Still pending__

II. Place of Present Confinement: __Mid-State C.F. P.O. Box 2500, Marcy, NY 13403__

   A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes (✓) No ( )

   C. If you answer is YES;

     1. What steps did you take? __I spoke with the personal and had been advise to go to Law Library with my claims__

     2. What was the result? __After conducting research I found that I had cause for a civil claim against city & state__

   D. If you answer is NO, explain why not _____

   E. If there is no prison grievance procedure in the institution, did you complaint to prison authorities? Yes (✓) No ( )

   F. If you answer is YES,

     1. What steps did you take? __I spoke Ranking officials and was notified that I have a legal claim__

     2. What was the result? __I followed the advise given to me and submitted documents for a civil claim__

III. Parties

   (In item A below, place your name in the first blank and place our present address in the second blank. Do the same for additional plaintiffs, if any.)

4

A. Name of plaintiff GREGORY WHITE
Address Mid-State Corr. Fac. P.O. Box 2500, Marcy, NY 13403

(In item B below, place the full name of the defendants in the first bland, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

B. Defendant EARL COVINGTON is employed as PAROLE OFFICER at 333 Schermerhorn St., Brooklyn, NY 11217

C. Additional Defendants DARIEN R. QUASH, Shield #29652 Police Officer 187 Command, can be located by At. 1 Police Plaza, New York, NY 10028, Scott L. Kudnick Staff Attorney of The Legal Aid Society, 111 Livingston St., Brooklyn, NY 11201

IV. Statement of Claim

(State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach additional 8 1/2 x 11 sheets, if necessary.)

On May 19, 2006 at approximately 10:20 pm at 100 Martin L. King Jr. Place Apt # 11-D Brooklyn, NY 11206, plaintiff was the victim of an unreasonable search. The search was lead by parole officer Earl Covington along with various other NYPD Parole Officers. Also a NYC police officer Darien R. Quash shield number 29652 of the 187 command was a participant in the illegal search. The conduct complained of was committed by persons acting under color of state law.

Continue on next page

The police officer was not in uniform. Prior to and during the search, plaintiff was in handcuffs administered by NYS parole officer Earl Covington. Plaintiff explicitly told law enforcement officials repeatedly that they did "not" have consent to search the premises.

There existed neither exigent circumstances nor an articulable reason for an unreasonable search. Therefore a warrant should have been issued to the parole officer to search parolee's residence, upon the officer's showing that the described home to be searched is the residence of parolee in which he lives alone or in the company of persons identified or otherwise described.

That the parole officer has reasonable cause to believe that the parolee is violating, or is in imminent danger of violating, one or more specified conditions of his parole; and that evidence of such actual or impending violations will be found in the home to be searched.

Evidentiary support for probable cause showing need not meet the high standards of Aguilar-Spinelli, but it could not be based on the officer's hunches unsupported by articulated facts. Rather, the standard should not be so loose as to offer the parolee no protection from arbitrary intrusions by parole officers or from searches that are unjustifiably broad.

-5A-

Whereas, the constitutional right to privacy is enforceable against the states through the due process clause, in same manner and to like effect as other basic rights secured by the due process clause. That the conduct complained of deprived plaintiff of the rights, privileges secured by the Constitution and laws of the United States.

Transgression of constitutional right becomes accomplished fact at time of illegal search and seizure. All evidence obtained by searches and seizures in violation of the Constitution is constitutionally inadmissible in state courts. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

Plaintiff asserts that Earl Covington, the various parole officers, and Darien K. Quash violated plaintiff's constitutional rights knowingly and willingly by conducting a search without consent, search warrant, or probable cause.

-5b-

The parole officers thus failed to adhere to the NYS Division of Parole's Policy and Procedure's Manual item 9905.04 governing searches and seizures. While not in the eyesight of Plaintiff, Darien R. Quash the police officer claimed that he found heroin in a pair of boots in a closet.

The alledge substance was never field tested to confirm its identity, thereby violating departmental policy and procedure, also violating the due process clause.

When a police officer makes an unlawful arrest or conducts an illegal search, Constitution requires exclusion of any evidence secured thereby. Primary, if not sole justification for the Exclusionary Rule is the deterrence of police conduct that violates constitutional rights.

Exclusionary Rule is applicable to both direct and indirect products of unlawful searches and it protects against use of unlawfully obtained verbal statements as well as use of other physical evidence.

Exclusionary Rule is to be applied only after there has been unreasonable search or seizure. Exclusionary Rule renders inadmissible any evidence which stems from use of illegally seized evidence, including defendant's statements,

-5c-

Evidence derived from violation of constitutional rights must be excluded no matter how reliable, if it is directly traceable to or is causally related to unlawful official behavior.

The knowingly and willingly deliberate acts of the named defendants has caused plaintiff to wrongfully lose his liberty. Whereas, the law enforcement officials acting under the color of state law by the conduct complained of deprived plaintiff of his rights, and privileges secured by the Constitution of the United States, and the laws of the state by failing to take the initiative to comply to the policy and procedures mandated by their commands.

At an evidentiary hearing by virtue of a writ filed by an attorney on behalf of plaintiff, a NYS Supreme Court Judge, granted the relief sought within the application in favor of the plaintiff to wit; canceling with prejudice the parole delinquency declared against plaintiff and vacating with prejudice the parole warrant lodged against plaintiff, with the fact that plaintiff was not incarcerated on the basis of some other warrant or commitment not predicated upon alleged violations of parole, directing plaintiff's release, thus the charges against plaintiff were dismissed by the NYS Supreme Court and by the NYS Division of Parole.

-5d-

Wherefore, plaintiff promptly submitted true and accurate copies of the mentioned papers to the NYS Supreme Court where an indictment was pending on the same charge. The NYS Supreme Court Judge wrongfully ignored the previous determination of the related courts, and relitigated on the same charges that had been lawfully dismissed.

Thereby putting plaintiff in double jeopardy by trying the plaintiff twice for the same thing in violation of plaintiff's constitutional right.

Mr. Scott L. Rudnick defense counsel for plaintiff had first hand knowledge of the facts of which plaintiff's constitutional rights have been violated, but did nothing to protect the rights of plaintiff. Nor did Mr. Rudnick litigate for dismissal of the indictment, by reason of the doctrine of collateral estoppel and/or res judicata should have been applied.

Mr. Rudnick's conviction in representing a criminal defendant and hence owes his client a duty of loyalty, a duty to avoid conflicts of interest in accordance to federal guidelines, and the code of professional responsibility. Mr. Rudnick also has a duty to make reasonable investigations or to make a reasonable decision that makes particulary investigations unnecessary. Mr. Rudnick acted under color of a state statute, custom, and usage, custom and or ordinance, regulation.

-5E-

Mr. Rudnick failed to communicate accurate information to plaintiff about plea negotiations, failed to visit plaintiff to discuss defense matters, used false representations and promises as inducements to plead guilty.

Mr. Rudnick thus failed to file any pre-trial motions. Failed to demand a hearing on probable cause to arrest plaintiff. Despite the repeated requests of plaintiff, Mr. Rudnick failed to obtain the services of an investigator. Had an investigator been engaged, the full story concerning plaintiff's illegal arrest would have been revealed, resulting in the dismissal of the charges against plaintiff.

Mr. Rudnick further failed to request a hearing on physical evidence seized from the residence of plaintiff. Mr. Rudnick acted under color of a state statute that of which governs effective assistance of counsel. The conduct complained of by Mr. Rudnick was ineffective and such is to be construed as attorney malpractice, a violation of plaintiff's constitutional right, secured by the constitution of the United States.

The conduct complained of by the named defendants were committed by defendants acting under color of state law. That the conduct complained of deprived plaintiff of his rights, privileges secured by the constitution of the United States, to include but not limited to due process of law and equal protection of the law.

-5f-

Plaintiff also asserts that Mr. Rudnick further acted under color of a state statute, regulation, as well as acted under, under the color of state law. The conduct complained of by the named defendants herein has deprived plaintiff of his rights, privileges secured by the Constitution or laws of the United States.

Please take notice, of the fact of which plaintiff has documentary evidence that supports the assertions made herein of the arbitrary and irrational treatment of rights that plaintiff endured as a result of the wrongful conduct complained of by the defendants.

Upon the Court's request, plaintiff will submit such to the court. Plaintiff asserts that the arbitrary and irrational treatment of his rights by defendants is due to the fact that plaintiff is on parole. Each defendant named herein had personal involvement in the violation of plaintiff's rights.

Thus "under color of" state law can be loosely interpreted to mean "as a representative of the state". Plaintiff is aware of the fact that only if the City and or State of New York claims responsibility of its employees,

-5G-

"Only then can plaintiff raise the "Monell claim", also to include such claim can also be raised if the City and or State of New York has devised a policy and or training their employees to not follow the strict guidelines and laws, policies and procedures of their commands and or State or United States Constitution.

The harmful effects that plaintiff was caused to suffer as an end result of the deliberate wrongful acts of the defendants illegal actions are burned in the mind of plaintiff, and such can not be erased.

Therefore the injuries and or effects that plaintiff endured as an end result of the conduct complained of by defendants are permanent and can never be replaced.

-SH-

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff brings this claim against the named defendants and seeks to recover compensatory damages of $75 billion dollars from defendants in both their individual and official capacity for their knowingly and willfully deprivation of the constitutional rights, privileges and or immunities secured by the constitution of the United States by defendants and their deliberate abuse of their authority and or position, and any other and further relief this court deems just and proper. As well as for pain and suffering.

Signed this 15TH day of JUNE, 2007 declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Plaintiff

June 24, 1958
Plaintiff's Date of Birth

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
Social Security Number

6

Kindly list all defendants to this lawsuit and the address at which each may be served. If you do not provide an address for a defendant, that defendant will not be served.

Defendant No. 1

Earl Covington
333 Schermerhon St.
Brooklyn, NY 11217

Defendant No. 2

Darien R. Quash #29652
1 Police Plaza
New York, NY 10038

Defendant No. 3

Scott L. Rudnick
111 Livingston St.
Brooklyn, NY 11201

Defendant No. 4

The State of New York

Defendant No. 5

The City of New York

Please attach additional 8 1/2 x 11 paper if necessary.