**SECOND AMENDED    CIVIL RIGHTS COMPLAINT**
**42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

**GREGORY WHITE 07-A-1905**,
Full name of plaintiff/prisoner ID#

                Plaintiff,

-against-
EARL COVINGTON
DARIEN R. QUASH
JOHN P. WALSH, et al.

Enter full names of defendants
[Make sure those listed above are
identical to those listed in Part III.]

                Defendants.
------------------------------------------------x

07-CV-1844 (NGG)(LB)

JURY TRIAL DEMAND
YES **XXXX**    NO _____

PLAINTIFF DOES HEREBY DEMANDS an ARTICLE III CONSTITUTIONAL COURT and CONSTITUTIONAL JURY on the GREEN DOCKET CALENDAR

**RECEIVED AUG 0 1 2007 PRO SE OFFICE**

I.  Previous Lawsuits:

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes(xx) No ( )

    B.  If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiffs:    GREGORY WHITE

            Defendants:    EARL COVINGTON
                         DARIEN R. QUASH

        2. Court (if federal court, name the district; if state court, name the county)
        US DISTRICT COURT SOUTHERN and EASTERN DICTRICT

        3. Docket Number: 07-CV-4681; 07-CV-1844

1

    4. Name of the Judge to whom case was assigned: (SDNY) (EDNY) KMW & NGG

    5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
Both cases are still pending in court

    6. Approximate date of filing lawsuit: (SDNY) (EDNY) 7-17-07 & 6-18-07

    7. Approximate date of disposition: _____

II.    Place of Present Confinement: Mid-State C.F. P.O. Box 2500, Marcy, NY 13403

    A. Is there a prisoner grievance procedure in this institution? Yes (xx) No ( )

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (xx) No ( )

    C. If your answer is YES,

        1. What steps did you take? I made an oral complaint to the grievance personal and I'd been advised to speak with the law library personal of the matter

        2. What was the result? That I have a civil rights violations to make in the United States District Court

    D. If your answer is NO, explain why not _____

    E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes (xx) No ( )

    F. If your answer is YES,

        1. What steps did you take? Upon the advise given to me I followed the steps to file an civil complaint in regards to the wrong that been done to me

        2. What was the result? I've filed a complaint form after speaking to those governed by law

III. Parties:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff __GREGORY WHITE #07-A-1905__

Address __P.O. Box 2500, Marcy, NY 13403 Mid-State C.F.__

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

| | |
|---|---|
| Defendant No. 1 | EARL COVINGTON (Parole Officer) |
| | 333 Schermerhon St. |
| | Brookly, NY 11217 |
| Defendant No. 2 | DARIEN R. QUASH (NYC Police Officer) |
| | 187 Command as stated on document |
| | 1 Police Plaza-NY, NY 10038 |
| Defendant No. 3 | Hon. JOHN P. WALSH (J.S.C.) |
| | 320 Jay St. |
| | Brooklyn, NY 11201 |
| Defendant No. 4 | ELIOT SPITZER (NYS GOVERNOR) |
| | Executive Chamber; State Capitol |
| | Albany, NY 12224 |
| Defendant No. 5 | CHARLES HYNES (KINGS COUNTY, DA) |
| | 350 Jay St. |
| | Brooklyn, NY 11201 |

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

| | |
|---|---|
| Defendant No. 6 | RAYMOND KELLY<br>1 Police Plaza<br>New York, NY 10038 |
| Defendant No. 7 | SCOTT L. RUDNICK<br>111 Livingston st.<br>Brooklyn, NY 11201 |
| Defendant No. 8 | MELISSA CARDINALE<br>350 Jay st.<br>Brooklyn, NY 11201 |
| Defendant No. 9 | MICHAEL CAPUANO<br>Seinor Court Reporter<br>320 Jay st.<br>Brooklyn, NY 11201 |
| Defendant No. 10 | NAME UNKNOWN AT THIS TIME<br>350 Jay st.<br>Brooklyn, NY 11201 |
| Defendant No. 11 | CITY OF NEW YORK |
| Defendant No. 12 | STATE OF NEW YORK |

-3a-

IV.  Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

On May 19, 2006 at approximately 10:20 pm, plaintiff was the victim of an illegal search and seizure. That the search was lead by Earl Covington (Parole Officer), along with various other parole officers (John Does and Jane Doe). Also a police officer Darien R. Quash from the 187 Command as predicated upon the accusatory insturment. The illegal search was conducted at plaintiff's residence located at 100 Martin L. King jr. place, apt. #1-D, Brooklyn, NY 11206. The defendants named herein did not have probable cause to conduct an illegal search nor was there a search warrant to conduct a search of plaintiff's residence. The defendants conduct was with malice aforethought and done with the knowingly violations of the constitutional rights of plaintiff. Also the defendants conducting the illegal search conspired to do such with harmful intent.
See next page **Affidavit of asserted facts and proof of Claim...**

IV. A   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

As an end result of the conduct being complained of by the defendants named herein, plaintiff had suffered pain and mental anguish severe stress that of which plaintiff was caused to take medication prescribed by a doctor, wrongful loss of liberty, wrongful imprisonment, loss of income to wit; SSI disability payments, 50% loss of government disability payments, loss of potential lottery winnings, loss of a family member, loss of family ties, strain on personal relationship, loss of family ties and community ties loss of community and community's respect and interest from the community.

4

# AFFIDAVIT OF ASSERTED FACTS AND PROOF OF CLAIM

1) The police officer Darian R. Quash of the 187 command was not in uniform, making an attempt to conceal his identity. The police precinct that has jurisdiction of plaintiff's neighborhood is the 79th precinct. Police precincts have enclosure or places marked off by specific limits, or boundaries. The police officer did not identify himself.

2) The police officer had "**no**" constitutional right to search the premises. Parole officer only has united plainview authorization. Police officer cannot work on parole officer's search under parole rules. There was **no** probable cause to conduct a search, thus violating the mandates of New York State, and the United States Constitution governing searches and seizures.

3) Prior to and during the illegal search, plaintiff was in handcuffs placed upon him by Earl Covington. Plaintiff asserts that he explicitly told law enforcement repeatedly that they did not have consent to search the premises. There was "**no**" probable cause ever asserted in any part of the parole documents, or in any other documents of the procedure that took place on the day in question.

4) Therefore, there existed no demonstrable cause to present to a Judge to get a search warrant. This is the very reason there was no search warrant. The conduct complained of by those named defendants were committed while acting under color of state law. There existed neither exigent circumstance nor an articulable reason to conduct an illegal search, as mandated within the NYS Division of Parole's Policy and Procedure Manual governing search and seizure; Manual Item number 9405.04, in accordance with New York State and the United States Constitution.

-4a-

5)  Plaintiff had spoken to the Kings County Reginoal Director of Parole Officers on the phone, Mr. James Dress. Whereas, Mr. Dress confirmed to plaintiff that of the fact that Earl Covington needed a search warrant to search the residence of plaintiff. Especially with the fact being that there was no probable cause. In order to search plaintiff's residence a warrant should have been issued to the parole officer, upon the officer's showing that the described home to be searched is the residence of plaintiff, in which he lives alone or in the company of persons identified or otherwise described.

6)  The parole officer has reasonable cause to believe that the parolee is violating, or is in imminet danger of violating, one or more specified conditions of his parole; and that evidence of such actual or impending violations will be found in the home to be searched. In the instant matter such cause did not exist. Whereas, the constitutional right to privacy is enforceable against the states through the due process clause and equal protection of law in same manner and to like effect as other basic rights secured by the due process clause, and equal protection clause.

7)  Absent the lawful reasons needed to conduct a warrantless search, plaintiff had been deprived of his right to be free from arbitrary search and seizure secured by the constitution or laws of the United States by the conduct complained of by the defendants named herein. Transgression of constitutional rights becomes an accomplished fact at time of illegal search and seizure.

8)  All evidence obtained by searches and seizures in violaton of the constitution is constitutionally inadmissible in state courts, or any other proceeding as **"fruit of the poisonous tree"**!!! The right of the people to be secure in their persons, houses, papers, and effects against illegal searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and par-

-4b-

ticulary describing the place to be searched and the persons or things to be seized. In the instant matter, probable cause did not exist, nor can it be shown as stated in the New York State and United States Constitutional Amendment.

9) While not in eyesight of plaintiff, the police officer, Darien R. Quash, gave a signal that he had found a controlled substance in a pair of boots in a closet. The parole officers make the same claim. it is ambiguous as to who's actually claiming to have found such based upon the fact that the accusatory instruments have predicated on them different claims.

10) However, there is no proof offered as to "who" owned the boots, they were not taken into as evidence with the alleged substance to establish ownership. This act in and of itself violates the plain view doctrine, and required a search warrant, violating plaintiff's New York State and United States Constitutional Rights to due process of law and equal protection of law. The plain view doctrine does "not" include opening of closets and rifiling through them, those actions constitute a search which requires a warrant.

11) The defendants who conducted the illegal search claimed that the alleged substance found was a controlled substance, then without first taking a field test to confirm its identity, then further stated that it is a named substance. It is indisputable that the constitution affords protection against illegal searches. A parolee is entitled to same quantum of constitutional protections against illegal searches and seizures.

12) Plaintiff asserts that the parole officers, and police officer did knowingly and willingly conspire to violate plaintiff's constitutional

-4c-

rights by conducting an illegal search absent consent, probable cause and a search warrant, and conspired to violate plaintiff's constitutional rights with malice aforethought. The defendants intended to confine plaintiff. Plaintiff did not consent to said confinement. The confinement was not otherwise privileged.

13) Whereas, execution of the parole release agreement by a parolee must be regarded as being under coersion and duress and not voluntary. However, plaintiff still retains the rights under the New York State and United States Constitution to be free from illegal searches and seizures. When a police officer makes an unlawful arrest or conducts an illegal search, constitution requires exclusion of any evidence secured thereby.

14) The rule permitting a police officer's warrantless seizure and use as evidence of an item observed in plain view from a lawful position or during a legal search when the officer has probable cause to believe that the item is evidence of a crime. In the instant matter, the rule that evidence derived from an illegal search, or arrest, or interrogation is inadmissible because the evidence (**the "fruit"**) [w]as, tainted by the illegality (**the "poisonous tree"**).

15) Primary if not sole justification for the exclusionary rule and fruit of the poisonous tree doctrine, is the deterrence of police conduct that violates the constitutional rights. Exclusionary rule is applicable to both direct and indirect products(fruit of poisonous tree) of unlawful searches and it protects against use of unlawfully obtained evidence. Exclusionary rule is to be applied only after there has been an illegal search and seizure. Exclusionary rule renders inadmissible any evidence of which stems from use of illegally seized evidence as fruit of a poisonous tree including plaintiff's statements.

-4d-

16) The defendants named acting under color of state law acted in conspireing, with malice both knowingly and willingly to deprive plaintiff of his constitutional rights. Said deliberate acts caused plaintiff to wrongfully lose his liberty. At an evidentary hearing held on Sept. 19, 2006, in a NYS Supreme Court, pt. 22, Bronx County, 851 Grand Concourse, 10451, Megan Tallmer, J.S.C., by virtue of a "Writ" filed by an attorney on behalf of plaintiff. The Justice presiding granted the relief sought within the application, in favor of plaintiff to wit; canceling with prejudice the delinquency date vacating with prejudice the parole warrant lodged against plaintiff, and unless relator is presently incarcerated on the basis of some other warrant or commitment not predicated upon alleged violations of parole (criminal possession of a controlled substance) then directing relator's release from custody, date of the Decision and Order by said Judge is Oct. 11, 2006, under index number 75039/06.

17) The NYS Division of Parole also dismissed the same charges on Oct. 20, 2006 (form 3010). During the hearing Earl Covington stated on the record that plaintiff was being held for criminal possession of a controlled substance, hearing date Sept. 19, 2006 under index number 75039/06. In a formal letter to the NYS Attorney General (Eliot Spitzer) dated Aug., 14, 2006, plaintiff also notified one Raymond Kelly the NYC Police Commissioner and the NYS Division of Parole of the illegal conduct of the officers under their command and or authority. Plaintiff received no response from either of those just named in regards the letter sent them.

18) Whereas, upon plaintiff being in receipt of formal documentation from the NYS Supreme Court Judge regarding its Decision and Order relating to the Writ and the form 3010 from the NYS Division of Parole, plaintiff promptly mailed true copies of such to John P. Walsh, J.S.C., pt. AP-10, Kings County, 320 Jay st., Brooklyn, NY 11201 and to Charles Hynes, District Attorney Kings County, 350 Jay st., Brooklyn, NY 11201 copies of the same.

-4e-

19) In spite of the fact that the charges against plaintiff were dismissed with prejudice by a NYS Supreme Court Judge Tallmer, Judge Walsh ignored the decision perviously determined by a related NYS Supreme Court Judge and relitigated on the same charges in clear violation of plaintiff's constitutional right. Such action of Judge Walsh had been done knowingly and willingly under indictment number 3821/06.

20) Plaintiff hereby challenge what evidence that had been presented to the Grand Jury to obtain an indictment on May 25, 2006. Whereas, in accordance with law a lab report cannot be considered as substantial evidence to support that the alleged substance was indeed a controlled substance absent a field test of the alleged substance to confirm its identity. That the ADA (name unknown at this time) purposely withheld exculpatory evidence facts from the grand jury to wit; that the parole officer and police officer both had no probable cause and or search warrant to search plaintiff's residence. That the alleged substance is tainted that being **fruit of the poisonous tree.**

21) That the search was illegal absent the legally required documents that the charges were not substantiated in order to proceed on a legal matter. Also note that Charles Hynes had known or should have known that the police officer Darien R. Quash shield number 29652 had condcted an illegal search and seizure.

22) Whereas, in his supervisory duties, Mr. Hynes appointed ADA Melissa Cardinale to prosecute the matter both having first hand knowledge that there existed no probable cause to conduct an illegal search and that the evidence seized was tainted, furthermore that the charges was dismissed with prejudice. On March 6, 2007, plaintiff while at Riker's Island G.M.D.C., was visited and interviewed by Audrey Thompson from the Office of Professional Responsibility, a division of the NYS Division of Parole. During the course of the interview Ms Thompson had stated to plaintiff **"your parole officer messed up"**. The parole officer being Earl Covington, who was placed under investigation due to his unlawful actions on the day in question as well as the police officer

-4f-

Darien R. Quash by the NYPD IAB. The investigation of Earl Covington has been concluded however plaintiff is unable to obtain a copy of the results of said investigation due to the reason it has been deemed confidential and thereby plaintiff is not entitled to such. The investigation of Darien R. Quash is still under investigation.

23) Both the results of the investigations are not exempt from discovery as to the determination of the investigation, as there may be no disclosure of police that warrant confidentality. Plaintiff also does challenge the authenticity of the transcripts dated 3/23/07. Also under whos authority that the court stenographer Michael Capuano, amended said transcripts. Also being the fact that the transcripts had been amended then why did the stenographer knowingly and willingly certify such as true and accurate with the knowledge that such were amended.

24) Defense counsel for plaintiff, Scott L. Rudnick also had knowledge of the facts to wit plaintiff's constitutional rights being violated, but did nothing to enforce or protect those rights. Mr. Rudnick did not litigate for dismissal of the charges against plaintiff. Mr. Rudinck failed to empower the doctrine of collateral estoppel and or res judicata. Whereas, Mr. Rudnick's function in repersenting a criminal defendant and hence owes his client a duty of loyalty, a duty to avoid conflicts of interest in accordance to the federal guidelines, and the Code of Professional Responsibility.

25) Mr. Rudnick had failed to communicate accurate information to plaintiff in regards to plea negotiations, used false repersentations and promises as inducements to get plaintiff to plead guilty. Mr. Rudnick used coercive means in letter form to get plaintiff to plead guilty, thus also failed to file any pre-trial motions. Mr. Rudninck failed to demand a hearing on probable cause to arrest plaintiff and or the conduct of defendants to conduct an illegal search of plaintiff's residence.

-4g-

26) Despite the repeated requests of plaintiff, Mr. Rudnick failed to obtain the services of an investigator. Had an investigator been engaged, the full story concerning plaintiff's illegal arrest would have been revealed, resulting in the dismissal of the charges against plaintiff. Mr. Rudnick further failed to inquire into the fact that since plaintiff was not home alone, then why was plaintiff the only one arrested and removed from the residence. Mr. Rudnick continued in his failure when he had failed to request A hearing on physical evidence from the residence seized.

27) Therefore, Mr. Rudnick was ineffective as defense counsel, and failure is deemed as attorney malpractice, in clear violation of plaintiff's constitutioinal right. Whereas, there is no per se rule in and of itself to cure a constitutional violation. The only remedy is dismissal of the charges. Plaintiff is an american citizen being sui juris, possessing full social and civil rights. Which rights should have been afforded him without prejudice, as per the United States Constitution.

28) Plaintiff has every reason to believe that the defendants who had conducted the illegal search, Earl Covington, the various parole officers (John Does and Jane Doe) along with police officer Darien R. Quash, had all conspired to plant a controlled substance in the residence of plaintiff and in fact did such. Reason to support plaintiff's belief is that being that there is no lawful explaination and or reason for there being a police officer in plain clothes from another precicnt out of his jurisdiction along with parole officers to conduct an illegal search.

29) It further cannot be legally or reasonably explained of how did the police officer give an exact number of bags that he alledgdely saw in plainttiff's possession. There is no statement as to where exactly the bags were supposed to be, and stating that it's A named controlled substance, without first ever giving the alleged substance a field test. The parole officer(s) make the same claim. (see accusatory instruments).

-4h-

30) With the fact being that plaintiff was in handcuffs prior to and during the illegal search, why Earl Covington never stated to plaintiff that a police officer was coming into his home. That also of the fact that being that plaintiff was in handcuffs prior to and during the illegal search, then how can defendants make a valid claim that plaintiff was in possession of a controlled substance when the defendants claims that the substance was found in a pair of boots in a closet!!!

31) The word possession is defined as ; the fact of having or holding property (i.e. something) in one's power. That is not the case in this matter a closet is not something that's deemed to be in one's power, and or holding, it's of a physical nature and understanding.

32) The defendants named herein acted under color of state law, also acted under color of state statute, ordinance, regulation, custom, or usage... In doing such defendants abused their badge and or authority that had been vested upon them by the City and State of New York by conduct complained of. In doing such plaintiff had been deliberately deprived of his rights to due process of law and equal protection of law of which are guaranteed and secured to him by the New York State and United States Constitution.

33) Each person who, having knowledge that any of the wrongs conspired to be done, and are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act committed, shall be liable to the party injured, or his legal representative for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

33). The defendants named herein by the conduct complained of acted beyond their individual and official capacity in doing so by acting under color of state law and under color of state statute, ordinance, regulation, custom, or usage..., can be loosely be interpreted to mean "as representive[s] of the state", as so mandated by the constitution. The [C]ity and [S]tate of New York are responsible for the defendants due to the fact that they hired unqualified personal to perform the duties of people who are qualified for and they failed to perform their duties lawfully.

34) Therefore, the City and State of New York are "not" immune from suit related to this cause of action. Reason is that the City and State are a corporation for profit and thus as a corporation neither the principals and or agents of a corporation are immune from suit. They had (defendants) taken an oath of office to up-hold and support the constitution of the United States and the State of New York Constitution not to violate the peoples constitutionally protected rights.

35) New York State became incorporated in 1878. Their reliance on the eleventh amendment for protection is misplaced, as for the eleventh amendment is unconstitutional in that it abridges and abrogated plaintiff's first amendment right to seek redress for grievances. Any amendment that abridges or abrogates any other amendment of the constitution is null and void and a treasonous act!!!

36) Furthermore, sovereignty is in the people "not" the goverment, that they created.

37) Plaintiff herein, begs the court's indulgence for any mistakes, omissions, defects and irregularities, pursuant to NYS **C.P.L.R** § **2001**, as well as any defects in form, pursuant to NYS **C.P.L.R** § **2101(f)**. As I am a layman in the matters of law and have **"no"** formal training in law and have done my best to comply with the court's order and the **F.R.C.P** as interpret them.

-4j-

Sworn to before me on

this 26th day of July 2007

_____
NOTARY / PUBLIC

JENNIFER R. HOOVER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ONEIDA COUNTY
REGISTRATION #01H06139377
MY COMMISSION EXPIRES ON JANUARY 9, 2010

Respectfully submitted,

_____
Gregory White, pro se

-4k-

V.     Relief:

State what relief you are seeking if you prevail on your complaint.

Plaintiff seeks to recover the total sum of $357 million dollars in compensatory damages for the diliberate wrongful acts of defendants acting under color of state law, and under color of a state statue, ordinance, regulation, custom, or usage in doing such the defendants deprived plaintiff of his rights, privileges immunities secured by the Constitution of laws of the United States by the abuse of their badge and or authority vested upon by the State of New York doing such acts acting in their individual and official capacities. And for failing to adhere to the oath taken by defendants to up-hold and not violate the constitution of the United States or ones rights under such as well as per taken oath

I declare under penalty of perjury that on Aug. 1, 2007 (Date), I delivered this complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Signed this 1st day of August, 2007. I declare under penalty of perjury that the foregoing is true and correct.

*[Signature]*
Signature of Plaintiff

Mid-State Corr. Fac.
Name of Prison Facility

P.O. Box 2500

Marcy, NY 13403

Address

07-A-1905
Prisoner ID#

5