D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREGORY WHITE,

**MEMORANDUM & ORDER**

**07-CV-1844 (NGG) (LB)**

Plaintiff,

-against-

EARL COVINGTON, et al.,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Gregory White ("Plaintiff") has filed an objection to Magistrate Judge Lois Bloom's Order dated June 19, 2008 (Docket #51) granting Defendants' motion to quash four subpoenas (Docket #44).[1] Federal Rule of Civil Procedure 72(a) provides for deferential review of a magistrate judge's determinations. The reviewing court shall only modify or set aside the magistrate judge's order on a nondispositive pretrial matter if it is found to be "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, the magistrate judge's order is reviewed for clear error. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (noting that matters involving pretrial discovery are

---

[1] Magistrate Judge Bloom's Order was signed June 19, 2008 and docketed on June 23, 2008. Plaintiff, who is a state prisoner proceeding pro se, filed an "Affidavit in Objection" dated June 30, 2008, received by the pro se office on July 7, 2008. (Docket #57.) Because the Order was not docketed until June 23, 2008, the Court assumes that Plaintiff was not served with a copy of the Order until at least that date, so his letter dated June 30, 2008 constitutes a timely objection. See Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

1

generally considered "nondispositive of the litigation" and thus are subject to the "clearly erroneous or contrary to law standard" on review by a district court).

I find that Judge Bloom acted well within her discretion to grant Defendants' motion, and therefore, that her Order is neither clearly erroneous nor contrary to law. Motions to quash a subpoena are "entrusted to the sound discretion of the court." Fitch, Inc. v. UBS Painewebber, Inc., 330 F.3d 104, 108 (2d Cir. 2003). Defendants moved to quash four subpoenas served on Commissioner Raymond Kelly of the New York City Police Department. (Docket #44.) Commissioner Kelly is no longer a party to this case. (Ord. 1 n.1.) Judge Bloom noted that under Federal Rule of Civil Procedure 45, a court may quash a subpoena issued to non-parties if "it subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). In support of their motion, Defendants provided a list of various documents requested in the subpoena that they had already provided to Plaintiff. Judge Bloom granted the motion to quash because the "bulk of the requested information has already been produced to plaintiff through discovery." (Ord. 2.) Given that the Plaintiff had already received the bulk of the information he sought to obtain by subpoena, it is clear that Judge Bloom acted within her discretion to grant the motion to quash.

Plaintiff's objections to Magistrate Judge Bloom's Order are denied.

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2008

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2