D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GREGORY WHITE,

**MEMORANDUM & ORDER**

**07-CV-01844 (NGG) (LB)**

Plaintiff,

-against-

PAROLE OFFICER EARL COVINGTON,
POLICE OFFICER DARIEN QUASH,
MICHAEL CAPUANO, and JANE DOE,

Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Gregory White ("Plaintiff") brings this action against New York State parole officer Earl Covington ("PO Covington"), New York State Office of Court Administration Court Reporter Michael Capuano ("Capuano," and, collectively with PO Covington, the "State Defendants"), and New York City police officer Darien Quash ("Officer Quash," and, collectively with the State Defendants, "Defendants"), alleging that Defendants engaged in an illegal search of his home and an illegal seizure of his property and person.[1] Officer Quash and the State Defendants have each filed motions for summary judgment and letter motions requesting that the court stay this action pending the outcome of Plaintiff's ongoing state criminal proceeding. For the following reasons, Defendants' motions for summary judgment are DENIED without prejudice and their motions to stay the action are GRANTED.

---

[1] Defendant Quash is separately represented from the State Defendants, who are represented jointly by the New York State Office of the Attorney General. Quash and the State Defendants have each moved for summary judgment (see Docket Entries ## 86, 97), and have each filed Statements of Undisputed Facts pursuant to Local Rule 56.1. (See Docket Entries ## 89 ("Quash 56.1"), 98 ("State Defs. 56.1").) Plaintiff has filed corresponding Responses to Defendants' 56.1 Statements. (See Docket Entries ## 92 ("Pl. Quash 56.1"), 93 ("Pl. State 56.1").) Unless otherwise noted, the facts recited in this Memorandum and Order are derived from undisputed facts in the parties' 56.1 Statements and Responses.

1

## I. BACKGROUND

In November 2004, Plaintiff was paroled from a New York State correctional facility following a 2001 conviction for criminal sale of a controlled substance in the third degree. (Quash 56.1 ¶ 1.) As a condition of his release, Plaintiff signed an agreement permitting his parole officer to visit, search, and inspect his person, residence, or property. (State Defs. 56.1 ¶ 8.) PO Covington became Plaintiff's parole officer in January 2006. (Id. ¶ 9.) On May 19, 2006, PO Covington and at least one other parole officer conducted a search of Plaintiff's residence and discovered over 200 glassine envelopes of what appeared to be heroin. (Id. at ¶¶ 14, 17.) Officer Quash was outside the residence prior to the search, although the parties disagree over whether he participated in the search. (See Quash 56.1 ¶¶ 16, 24; Pl. Quash 56.1 ¶ 24.) Plaintiff subsequently pleaded guilty in Kings County Supreme Court to criminal possession of a controlled substance in the fifth degree, and on March 23, 2007, he was sentenced to two years' imprisonment and one year of post-release parole supervision. (Quash 56.1 ¶ 30.)

In May 2007, while Plaintiff was still incarcerated, he filed this civil action under 42 U.S.C. § 1983, alleging that Defendants' actions constituted an illegal search and seizure because Defendants "did not have probable cause to conduct an illegal search nor was there a search warrant to conduct a search of plaintiff's residence."[2] (Second Amended Complaint (Docket Entry # 8) ("Compl.") 4.) Plaintiff demands $357 million in compensatory damages. (Id. 5.) He does not seek injunctive or declaratory relief.

In April 2009, both Officer Quash and the State Defendants moved for summary judgment, arguing, inter alia, that Plaintiff's § 1983 suit constituted an impermissible collateral

---

[2] Defendant Michael Capuano, a court reporter, is not alleged to have participated in the search. Defendant Jane Doe is listed in the caption, but the court cannot tell which of the many unidentified parties in the Complaint she is meant to represent. Because the court is staying the present action, it does not express any opinion on the merits of Plaintiff's claims against these individuals.

2

attack on his state-court conviction. (See Docket Entries ## 90, 99.) While these motions were pending, the Appellate Division of the Supreme Court of New York vacated Plaintiff's drug-possession conviction on the ground that he had received ineffective assistance of counsel during plea bargaining. See People v. White, 2009 NY Slip Op. 08643 (App. Div. 2d Dep't Nov. 17, 2009). On or about January 5, 2010, Plaintiff was re-indicted in Kings County Supreme Court on the same charge of criminal possession of a controlled substance in the fifth degree. (See Letter dated Jan. 11, 2010 and attachment (Docket Entry # 128).) According to a recent letter to the court from State Defendants' counsel, the Kings County District Attorney's Office is currently moving forward with its prosecution of Plaintiff. (Id.)

The State Defendants now request that this court stay the present action pending the outcome of Plaintiff's state criminal case.[3] (Id.) According to the State Defendants, a stay is necessary to avoid parallel state and federal litigation on the legality of the search and seizure, and to effectuate the comity principles that guide Younger v. Harris, 401 U.S. 37 (1971). (See id.)

## II. DISCUSSION

As a general matter, "federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred," New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 358 (1989), and are therefore "bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends." Chicot County v. Sherwood, 148 U.S. 529, 534 (1893) (citations omitted). Nonetheless, there is a "longstanding public policy against federal court interference with state court proceedings" that is grounded in "the notion of 'comity,' that is, a proper respect for state functions." Younger, 401 U.S. at 44.

---

[3] Officer Quash joins this request via letter motion (see Docket Entry # 125); Plaintiff opposes it (see Docket Entry # 126).

Thus, federal courts have broad discretion to withhold relief that would cause "undue interference with state proceedings," Council of New Orleans, 491 U.S. at 359, and may be required to abstain from hearing certain cases altogether, see Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1986) (federal courts may not review final judgments of a state court in judicial proceedings); R.R. Comm'n v. Pullman Co., 312 U.S. 496 (1941) (abstention proper where state court's clarification of state law might avoid a federal-court ruling on constitutional grounds).

This non-interference rationale underlies the doctrine in Younger, which requires federal courts to abstain from deciding cases in which plaintiffs seek to enjoin pending state-court criminal proceedings. See 401 U.S. at 44. So long as the plaintiff's constitutional claim can be adjudicated in the state forum, and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432, 435 (1982) (internal quotation marks omitted).

Where, as here, a state-court defendant seeks only money damages, "it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard, would result from the federal court's exercise of jurisdiction." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief . . . ." Id. Instead, the proper course is to "stay . . . the action pending resolution of the state proceeding." Id. This rule "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where

4

jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-203 (1988) (internal citation omitted).

The claims at issue in this case fall squarely under the rule in Kirschner. Plaintiff has not alleged or made any showing that general Younger principles are inapplicable due to "special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973); see also Huffman v. Pursue, Ltd., 420 U.S. 592, 601-02 (1975) (the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" does not constitute irreparable injury for Younger purposes). There is no reason to think that Plaintiff will not have a full opportunity to litigate the constitutionality of the challenged search and seizure in his state criminal case. (See Letter dated Aug. 28, 2009 (Docket Entry # 120) 1.) Because Plaintiff seeks only money damages for the alleged constitutional violation, this court will not abstain and dismiss his federal case, but will retain jurisdiction and impose a stay on his case pending the conclusion of the state proceedings. See Kirschner, 225 F.3d at 238-239. Once Plaintiff's state criminal case has concluded, he may continue to pursue this action if he so chooses.

## III. CONCLUSION

For the foregoing reasons, the Defendants' letter motions are GRANTED, and the present action is STAYED pending the outcome of Plaintiff's criminal proceeding in Supreme Court, Kings County (Indictment No. 03821/2006). Defendants' motions for summary judgment are DENIED without prejudice to renew the same. The parties are directed to notify this court of the outcome of the criminal proceeding against Plaintiff following its conclusion.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February _ˡ_, 2010

NICHOLAS G. GARAUFIS
United States District Judge