Mr. Gregory White
45 W. 132 st., apt. 16-M
New York, NY 10037

May 4, 2012

Re: Plaintiff's Memorandum of Law in Opposition to Defendant's
    renewed motions for Summary Judgment including all supporting
    documents/exhibits attached hereto...

White v. Covington, et. al. 07-CV-1844(NGG)(LB)

NYS Office of the Attorney General
120 Broadway-24th Floor
New York, NY 10271

Dear Mr. Schulman:

    Attached hereto please find Plaintiff's Memorandum of Law in
Opposition to Defendants renewed motions for summary judgment along with
all supporting documents which include attached exhibits thereof as in
relations to the above pending matter.

    Plaintiff asks respectfully that these documents be filed to the
court as specified by the court regarding this court's rules for the
filing of such. Note that the counsel for defendant Quash has been
furnished with a true copy of the same.

Attch.                                      Respectfully submitted,

                                            Gregory White, pro se

file/cc:
    Suzanna Publicker
    Asst. Corp. Counsel
    100 Church st., Rm. 3-200
    New York, NY 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

GREGORY WHITE,
            Plaintiff,

                                        Case No. 07-CV-1844(NGG)(LB)
                                        (Pro Se)

      -against-

EARL COVINGTON,
DARIEN R. QUASH,
JANE DOE,
MICHAEL CAPUANO,

In Their Individual Capacities

            Defendants.

------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff GREGORY WHITE, hereby submits this Memorandum of Law in Opposition to defendants' renewed motions for summary judgment submitted by counsel on behalf of the above named defendants or or about February 21, 2012. As summarized in this section and detailed herein, after the submission of defendants' renewed motions, new factual evidence most central to this case yet inexplicably omitted by defense counsel up until this point in time has been discovered and/or produced to Plaintiff, which requires that the Renewed Motions for Summary Judgment be denied. (see, Federal Rule of Civil Procedure 56 (f)). The evidence along with facts listed and/or stated herein reveal that defendant Covington failed to follow proper protocol along with his failure to adhere to the mandates contained within the New York State Division of Parole Job Description Manual pg.2, that also of the New York State and United States Constitutional Rights of Plaintiff regarding Searches and Seizures Manual Item: 9405.4. Defendant Covington deliberately failed to adhere to the rules regulations and the policy and procedures of the New York State Division of Parole thereby resulting in Covington acting in his individual capacity on May 19, 2006.

Plaintiff now opposes defendants renewed motions for summary judgment, incorporating by reference the documents previously submitted in plaintiff's earlier briefed motion in opposition. The facts essential to plaintiff being released from prison and initial discharge from parole via phone notification on or about March 17, 2010, (see, Ex. A attached hereto). In which such decision was related as the end result of plaintiff's initial conviction being reversed. (People v. White, 67 A.D.3d 933 [2d Dept. 2009]).

Although plaintiff had been reconvicted and resentenced reduced to lesser time with all concerned parties being fully aware of the fact that plaintiff had already served more than the newly imposed sentence, plaintiff was wrongfully re-incarcerated on April 1, 2010 for a period of about four and a half ($4\frac{1}{2}$) months absent due process in violation of plaintiff's 14th U.S.C.A. right. Soonthereafter plaintiff's re-release from prison plaintiff had been forced to report to parole in light of the fact that plaintiff was no longer on parole.

With these facts being known to the New York State Division of Parole (herein after NYS Div. of Parole), plaintiff was shortly thereafter in receipt of a FINAL DISCHARGE from the NYS Div. of Parole dated 3/11/11. (see Ex. B attached hereto).

Under the rule of Heck v. Humphrey, 512 U.S. 477 [1994], plaintiff has met the essential requirements to recover a monentary award reason is that plaintiff's initial conviction had been reversed. Said rule is silent that there must be numerous reversals under the same indictment number or other.

In any event, the parole search of plaintiff's apartment was not lawfully justified. Defendant Covington lacked legally sufficient fact evident to conduct a search with or without a search warrant. The fact that Covington alleges that while he (Covington) and plaintiff were outside talking and people were coming toward them and alleges that plaintiff stated to them that he (plaintiff) was talking to his parole officer is insufficient to warrant a search of plaintiff's apartment, without a search warrant.

-2-

A suspicion and/or gut feeling is not enough to search a parolee's apartment without a search warrant. (see, <u>Agnello v. United States</u>, 269 U.S. 20 [1925])(<u>Diaz v. Ward</u>, 437 F.Supp. 678 @683). Defendant Covington has listed on pg. 2 on plaintiff's case summary that plaintiff was on monthly reporting status and made his reports as required. (see, Ex. "H" attached to plaintiff's Memo of Law dated 2/22/09).

Defendant Covington continues to be unreliable and unable to furnish the truth governing his wrongful actions on the night in question. Covington's hunch and/or suspicion is an insufficient predicate upon which to find search and seizure.

A vague or unparticularized hunch/suspicion does not meet the standard of suspicion. (<u>Terry v. Ohio</u>, 392 U.S.I [1986]). Hunch or suspicion without more, will justify no interference with a citizens liberty, in fact that it is irrelevant for Fourth Amendment. Thus, it can not be said that Covington had any founded suspicion of any criminal involvement of plaintiff. Which only arises when there is an articulalted and present indication of criminality based upon observable conduct or reliable information and or complaint.

Defendants Coviongton and Quash had both been employed by law enforcement in excess of fifteen (15) years, and this fact permit an inference that they knew or reasonably should have been expected to have known that their individual conduct demonstrated on the night in question violated clearly established law statutory and constitutional. (see, <u>Levine v. City of Alameda</u>, 525 F.3d 903)(<u>Curro v. Watson</u>, 884 F.Supp. 708 [E.D.N.Y. 1995]).

To comport with the Fourth Amendment, a warrantless search or seizure must be predicated on particularized probable cause, which in this matter Covington had lacked such....

-3-

## STATEMENT OF FACTS

### 1.  Procedural History

As discussed in Plaintiff's original opposition brief, @ pg. 3 defendants Covington and Quash had conducted a warrantless search of plaintiff's residence absent probable cause on May 19, 2006, in which plaintiff was arrested. Although a preliminary hearing was scheduled for parole revocation purposes for June 5, 2006, and a final hearing for revocation was scheduled for June 12, 2006. (see, Executive Law §259-i(3)(h)), plaintiff did not waive his right to a preliminary hearing.

Additionally a Decision and Order had been rendered in plaintiff's favor dismissing the parole violation charges and restoring plaintiff to parole supervision by Judge Tallmer dated Oct. 12, 2006, Bronx County Supreme Court (ex. "E" to original brief). At this hearing under Index No. 75039/06, the Court doubted defendant Covington's credibility. Resulting in the Court dismissing the revocation proceedings on or about Oct. 11, 2006, and those proceedings were not reinstated, and Judge Tallmer's decision was not appealed. Thus, the parole revocation proceedings stood terminated in plaintiff's favor.

### 2.  Procedural Facts

On or about May 2, 2007, plaintiff, then an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), formerly known as Department of Correctional Services (DOCS), filed the original complaint in this civil suit. On or about December 21, 2007, plaintiff had moved for leave to file a third amended complaint, attaching the complaint to a letter dated December 16, 2007. On or about February 7, 2008, the Court had granted leave for plaintiff to file a new pleading. Or or about January 14 and March 4, 2008, defendant Quash and the State defendants, answered the third amended complaint.

-4-

On November 17, 2009, the Appellate Division of the Supreme Court of the State of New York, had ORDERED, that the judgment be reversed on the law, the plea vacated, and the matter remitted to the Supreme Court, Kings County, for further proceedings on the indictment. (People v. White, 67 A.D.3d 933 [2d Dept. 2009]). This Court had stayed this case upon defendant's application, on February 12, 2010, pending the disposition of plaintiff's re-prosecution. Defendants' summary judgment motions were denied without prejudice to renew them when the stay was lifted.

In light of the fact that plaintiff had re-pled to Criminal Possession of a Controlled Substance on February 17, 2010, plaintiff had been released on recognizance and given a sentence date of April 1, 2010. Plaintiff had appeared to court for sentencing on the date specified by the Court. Attorney for plaintiff and plaintiff prior to the court's pronouncement of the sentence advised all the parties that plaintiff had already served more than the time required under such sentence and that plaintiff was no longer on parole. (see, sentencing transcripts attached hereto dated April 1, 2010 Ind. No. 3821/06). However plaintiff was reincarcerated absent due process of law in violation of the 14th U.S.C.A. Const. Amend. (see, Morrissey v. Brewer, 408 U.S. @487-89, 92 S.Ct. @2603-04).

## ARGUMENT

I        THE BULK OF PLAINTIFF'S CLAIMS ARE NOT BARRED BY
               THE RULE OF HECK V. HUMPHREY

In their moving brief(s), and reply brief(s) the State defendants argue that plaintiff's claim for damages arising from the prosecution and conviction for criminal possession of a controlled substance (heroin) allegedly found in the utility closet in plaintiff's home as the end result of the warrantless search are barred by the rule of Heck v. Humphrey, 512 U.S. 477, 487 [1994]). The Heck rule provides that:

> In order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid a section 1983 plaintiff must prove that

-5-

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination...

Plaintiff has met this essential requirement since both the New York State Supreme Court and the NYS Div. of Parole had declared the parole violation warrant, which this complaint is predicated on, and the charges invalid, (exhibits attached to Pltf's original brief "E" and "F"). Defendants Covington and Quash had acted under color of state law on the night in question. (see, Sample v. Diecks, 885 F2d @1107-08).

Both defendants Covington and Quash deliberately deprived plaintiff of his federally secured right(s) that being Art. 1 §12 of the New York State Constitution and of the 4th U.S.C.A Const. Amend. right to be free from unreasonable searches and seizures. (see, Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908-1912 [1981]).

II      PLAINTIFF IS NOT ESTOPPED FROM CLAIMIMG DAMAGES ARISING
        FROM HIS ARREST, CONVICTION AND REVOCATION IN
        LIGHT OF THE FACTS THAT THE ARREST, CONVICTION AND
        REVOCATION WERE THE RESULT OF PLAINTIFF BEING DEPRIVED
        OF HIS FEDERALLY SECURED CONSTITUTIONAL RIGHTS

There can be no doubt that the State by its agents while acting under color of state law (Covington and Quash) went beyond their official capacity to imprison plaintiff although there had not been complaints of plaintiff being involved in any wrongdoing. A complete review of defendant Covington's Chrono Notes dated 1/18/06 to 4/19/06, reveals that such notes are silent on any wrongful behavior of plaintiff and the reporting status of plaintiff by defendant Covington dated 5/26/06, exhibits "G" & "H" attached to plaintiff's original opposition brief.

A review of such, indicates that there was a lack of sufficient evidence and an articulable reason to execute a warrantless search of plaintiff's residence. (see, New York State Constitution Art. 1 §12, 4th U.S.C.A. Const. Amend)(see also, the NYS Div. of Parole Policy and Procedure Manual Item: 9405.04 which is comprised of the NYS and U.S. Constitutional Law subject Search and Seizure.

-6--

III      PLAINTIFF'S CLAIMS AGAINST PAROLE OFFICER COVINGTON ARE
         MERITORIOUS AND CAN BE PROVEN AT TRIAL ALONG WITH ALREADY
                    EXHIBITS SUBMITTED TO THE COURT

The NYS Div. of Parole has strict rules, regulations along with
policies and procedures that their agents must adhere to. That is also
includes the mandates contained in the job description manual of said
agents, all of which defendant Covington intentionally failed to follow.
The unsupported and/or written allegations in support of plaintiff being
convicted of criminal trespass does not give rise to suspect that
plaintiff was in fact involved in criminal activity. Covington now
alleges that the people whom allegedly were approaching he and plaintiff
were plaintiff's friends, that plaintiff stated that plaintiff was
talking to his parole officer.

There is a lack of evidence that such an event even occurred.
Covington has no notes in his records which would support such a claim,
therefore this further supports that Covington's allegations are a
complete fabrication. With it being said by Covington that plaintiff
possessed 'fine' clothing and jewelry "beyond" plaintiff's means./ Such a
statement without first investigating whether or not plaintiff was
truthful of how plaintiff had obtained such is a complete dereliction of
his obligatory duties as mandated in the NYS Div. of Parole's Job
Description Manual pgs. 5-6 Activity II, T.

Pursuant to the Courts' holdings in United States v. Newton, 369
F.3d 659, 665-66 (2d Cir.2004), and People v. Huntly, 43 N.Y.2d 175, 181
(1977), defendants has these decisions misplaced. As clearly stated in
defendant Covington's brief pg. 10 once again defendant Covington admits
willingly that his sole reason for the violation of plaintiff's Fourth
Amendment Right was due to plaintiff's possession of clothing and
jewelry, which is not "rationally nor reasonably" related to the
performance of the duties of a parole officer. Diaz v. Ward, supra.

Noting the fact[s] that neither during the time prior to nor anytime
thereafter that plaintiff was on parole while in the county of Queens
and/or Kings did plaintiff receive any negative reports from Parole
Officer Houston or Covington which would warrant a search and/or any

-7-

criminal activity demonstrated by plaintiff since plaintiff's release from incarceration, as Covington's chronological notes are void of any such wrongful behavior and/or complaints from law enforcement or others alleging that plaintiff is either involved in criminal behavior and/or associated with known criminals or parolees.

The fact[s] here stated by plaintiff clearly reveal that defendant Covington knew prior to and during the search that Covington and Quash were violating clearly established law, especially when they were acting 'under color of state law'. A further and closer review of the chronological notes and plaintiff's behavior status reflects that there had been absent any negative actions of plaintiff which would warrant a search of plaintiff's residence warrantless or otherwise.

The circumstances in United States v. Watts, 301 Fed. Appx. 39,42 (2d Cir. Dec. 3, 2008), are not related to plaintiff's claims. The circumstances here are somewhat different, Covington knew that his conduct on the night in question were violative of plaintiff's rights, thus Covington now tries to use qualified immunity for his actions. Which is a clear admission of plaintiff's assertions that both defendants Covington and Quash were well aware of the fact that their actions were not in compliance with law, rules, regulations nor the policies and/or procedures of their respective job titles because even in 2012 the law regarding searches and seizures remains to be clearly established law in both State and Federal Constitutions where the language in both sections is identical, there can be no justification of the warrantless search of plaintiff's residence on the night in question.

IV     **PLAINTIFF'S CLAIM FOR FALSE ARREST AND/OR FALSE IMPRISONMENT MUST ALSO STAND BECAUSE PLAINTIFF'S INITIAL CONVICTION HAD BEEN REVERSED ON THE LAW**

Plaintiff will rely on the fact that it's fundamental that plaintiff's arrest was unlawful because it was not based on probable cause. (see, Dunaway v. New York, 442 U.S. 200, 208 n.)(see also, Wong Sun v. United States, 371 U.S. 471, 479). The NYS Div. of Parole dismissed the violation charges on Oct. 20, 2006 which defendants Covington and Quash were both directly involved in the warrantless search, ex. "F" attached to Pltf's opposition dated 2/22/09.

-8-

Defendant Quash openly admitted that said incident derived from a single episode. The alleged result of the warrantless search was the sole basis for plaintiff's criminal prosecution of which plaintiff may challenge the search's legality in a §1983 claim. Plaintiff can prove that the search was unlawful, also that the wrongful arrest and/or imprisonment did actually cause plaintiff compensatory damages...which does encompass the mental disabilities plaintiff now suffers from that being seizures amongst other disabilities since being convicted and imprisoned absent provocation.

Plaintiff respectfully directs this court's attention to the pertinent fact that the initial conviction had been reversed on Nov. 17, 2009 which supports plaintiff's claim of false imprisonment. (ex. "C").

At trial plaintiff can prove that plaintiff was falsely arrested/imprisoned by satisfying the four basic: (1) the defendants intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to such confinement; and (4) the confinement of plaintiff was not otherwise privileged. Savino v. City of New York, 331 F.3d 63 (2d Cir.).

It is well established that the existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest. Noting that if after arrest, a plaintiff is convicted of any of the charges against him, that conviction is conclusive evidence of probable cause as long as it is not subsequently reversed. Such is not the case here, plaintiff's conviction was subsequently reversed on the law as clearly reflected in the attached exhibit "C".

Thus, plaintiff has indeed met the satisfactory requirements to recover a monetary award for damages as plaintiff's initial conviction was reversed, Heck v. Humphrey, 512 U.S. 477 (1994). In light of the fact that plaintiff was re-convicted and re-sentenced to lesser time and wrongfully re-incarcerated especially in light of the fact that plaintiff already had served more twice the time of the initial sentence and for the new sentence which all parties were made aware of, exhibit "D" attached, plaintiff's was incarcerated absent due process of law and/or probable cause, 14th U.S.C.A. Const. Amend.

-9-

At the present time plaintiff has still not been in receipt of a legal justification and/or reason for said incarcerat**čón.** Plaintiff's claim for damages is cognizable since plaintiff's initial conviction had been reversed on November 17, 2009 as stated in Heck v. Humphrey, supra. (People v. White, 67 A.D.3d 933).

**V      PLAINTIFF'S INITIAL CONVICTION DOES NOT BAR THE ILLEGAL SEARCH CLAIM BASED UPON THE FACT THAT IT WAS QUASH WHOM CLAIMED TO HAVE FOUND AN ALLEGED CONTROLLED SUBSTANCE KNOWING THAT THERE WAS NO PROBABLE CAUSE TO CONDUCT A SEARCH WITHOUT A WARRANT WHICH LED TO PLAINTIFF'S INITIAL CONVICTION...**

To the extent plaintiff's third amended complaint can be construed to be an illegal search claim, this claim should not be barred by the Heck doctrine. Due to the availability of doctrines of independent sources, harmless error and inevitable discovery, illegal claims are not precluded by the Heck bar as long as the claim necessarily implies that plaintiff's conviction was unlawful. With the fact being that neither Covington or Quash had a search warrant on the night in question coupled with the fact that plaintiff's initial conviction was reversed when liberally construed by this Court, plaintiff's conviction was unlawful. cf. Woods v. Candela, 47 F.3d 545, 546 (2d Cir., cert. denied, 516 U.S. 808 (1995)(Woods v. Candela, 13 F.3d 574, 575 [2d Cir. 1994]).

**VI          THE MALICIOUS PROSECUTION CLAIM MUST STAND DESPITE THE PLAINTIFF'S CRIMINAL CONVICTION WHICH SAID CONVICTION HAD BEEN REVERSED ON THE LAW...**

In light of the fact the third amended complaint can be construed to allege a malicious prosecution claim, such a claim should not be dismissed nor barred by Heck, and because plaintiff is able to establish at least two of the elements of the cause of action. Plaintiff can demonstrate that: (1) the defendant(s) commenced and/or continued a criminal proceeding against plaintiff:(2) that the proceeding and or conviction was reversed in plaintiff's favor,(3) that there was an absence of probable cause for the proceeding; and (4) the proceeding was instituted with malice. (i.e., Rothstein v. Carriere, 373 F.3d 275,282 [2d Cir.2004])(see, People v. White,) supra, (see also, People v. Williams, 14 N.Y.3d 198 [2010]).

-10-

## VII HABEAS CORPUS RELIEF IN PLAINTIFF'S FAVOR BUILDS THE FOUNDATION TO BOTH UNDERMINE AND ESTABLISH THAT THERE WAS NO PROBABLE CAUSE TO CONDUCT A WARRANTLESS SEARCH AND THAT DEFENDANTS COVINGTON AND QUASH ACTED UNDER COLOR OF STATE LAW

Here the charges derived from unconstitutional parole violation charges. In that said charges were deemed/declared invalid by Judge Tallmer, J.S.C.. The charges and or proceedings are closely related. The NYS Div. of Parole dismissed the charges based in part of the fact that the Court had declared Covington an unreliable witness, that also of his testimony was untruthful. Both Covington and Quash demonstrated conduct "under color of state law". (see, United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031 [1941]0(see also, McDade v. West, 223 F.3d 1135, 1139-41 [9th Cir.]). Here the prosecution of plaintiff was improper as it was based upon a lack of probable cause. Riegel v. Hygrade Seed Co., 47 F.Supp. 209)(Egleston v. Scheibel, 99 N.Y.S.2d 969, 113 A.D. 789)(cf. Kajtazi v. Kajtazi, 488 F.Supp. 15).

It is undisputed that plaintiff's initial conviction was reversed and the parole violation charges which were so closely related such a §1983 action on claims which do not undermine the fact that plaintiff's initial conviction was reversed and should not be barred by the Heck rule.

## VIII PLAINTIFF'S ILLEGAL SEARCH CLAIM DOES NOT FAIL BY THE MERE FACT PLAINTIFF HAS ASSERTED AND SUSTAINED NUMEROUS COMPENSABLE INJURIES...

In light of the fact that plaintiff's initial conviction was reversed on November 17, 2009 People v. White, supra. Although plaintiff had signed the conditions of parole said conditions were deemed to be signed under coercion, Diaz v. Ward, supra. During the four and a half ($4\frac{1}{2}$) years which plaintiff spent in custody of the initial imposed determinate two (2) year sentence. Plaintiff has developed a disability, that being of having seizures which plaintiff must now be on lifetime preventive medication on a daily basis. Also there is no legal justification for the additional imprisonment of plaintiff nor of the additional extension of imprisonment.

-11-

The fact that plaintiff's initial conviction was reversed, renders the arrest false and the imprisonment unlawful. (see, Feurtado v. Gillespie, 04 Civ. 3405 [NGG][LB], 2005 U.S. Dist. LEXIS 30310**@22-31 [E.D.N.Y. NOV. 17, 2005][Garaufis, J.]). Plaintiff's initial conviction was reversed as noted by this Court in the above cited case, such is the same in the matter presently at bar. Plaintiff takes this time to notify adverse counsels of the pertinent fact that once plaintiff had submitted a copy of the Appellate Court's decision, the U.S. Government had reinstated plaintiff percentage to full percentage of plaintiff's disability payments resulting plaintiff to be in receipt of all funds deducted from the monthly payments as the result of the reversal of plaintiff's initial conviction. Such was done as though the conviction had not ever existed invalidating the conviction.

## IX  THE SEARCH OF PLAINTIFF'S RESIDENCE WAS UNLAWFUL DUE TO THE FACT SAID SEARCH WAS NOT RELATED TO COVINGTON'S DUTIES

Defendants Covington and Quash rely on Samson v. California, 547 U.S. 843, 850 (2006, United States v. Newton, 369 F.3d 659 (2d Cir. 2004) in a bald attempt to justify the warrantless search, even in light of the fact that plaintiff is a non-violent felon, there is no evidence at all in plaintiff's history. Also noting unlike Newton, there was no risk of plaintiff's response to the inquiry of Covington that would be violent. In this case the Division of Parole acted as a "stalking horse". It was not reasonable for Covington to solicit the assistance of Police Officer Darien R. Quash, in the entering into plaintiff's residence unbeknowst to plaintiff. With regard to the provision to California Penal Code §3067(a), a parolee is required to submit to suspicionless searches by a parole officer or other peace officer "at anytime". (see, Samson v. California, supra. New York does not have an equivalent statue, and it's for this reason that the decision in Samson, supra, is Of limited usefulness in this case matter. Defendants Covington and Quash demonstrated a deliberate indifference to the statutory mandates and that of Constitutional Law. When the constitution speaks with reference to a particular matter, it must be given effect as the paramount "Law of the Land".

-12-

Plaintiff's constitutional rights 'are' clearly established the contours of such rights sufficiently clear enough that a reasonable official would understand that what he or she is doing violates that right. (see, Barham v. Ramsey, 434 F.3d 565 [D.C. C.r. 2006]). In full review of the deliberate deprivation of plaintiff's constitutional rights by defendants Covington and Quash, it is well settled under the Fourth and Fourteen Amendments of the United States Constitution that a search conducted without a warrant issued upon probable cause is "per se unreasonable...subject to specifically established well-delineated exceptions", such as consent to search. (citation omitted)(cf. United States v. Fisher, 702 F.2d 372, 375 [1-3] arrest without probable cause). See, Scgebcjkitg v, Bustanibte, 412 U.S. 218. The fact that defendants Covington and Quash held plaintiff in unlawful custody alone is not enough to demonstrate consent for the search. (cf. U.S. v. Williams, 219 F.Supp.2d 346).

## X        DEFENDANTS COVINGTON AND QUASH ARE NOT PROTECTED BY QUALIFIED IMMUNITY

Defendants Covington and Quash are officers of the law, therefore in the execution of process, they are obligated to know the requirements of the law, and providing that they mistake them, whether through ignorance or design, and anyone is harmed by their error, THEY MUST RESPOND IN DAMAGES. Rosters kv. Marshall, (United States use of Rogers v. Conklin) I Wall, (U.S.) 644 (emphasis added).

In the instant matter defendants Covington and Quash are attempting to sway the court by using qualified immunity as a defense from suit. A clear review of exhibits A7 and A8 annexed to plaintiff's third amended complaint reveal that defendants Covington and Quash had planned to conduct a search of plaintiff's residence this can be inferred by their conversation. id A7 and A8. The defendant's discussion satisfy plaintiff's conspiracy claim. The defendants intended to act in their individual capacities 'under color of state law' to deliberately deprive plaintiff of his constitutional rights with malice aforethought. Even apart from the state action-color of law issue, an extensive body of §1983 conspiracy case law has developed in the circuits involving the elements of conspiracy, the sufficiency, allegations, and the sufficiency of evidence of conspiracy.

-13-

In an important §1983 conspiracy case against federal and state law enforcement officers and others arising out of a gun battle during a raid of an apartment, the Seventh Circuit set out the following civil conspiracy guidelines: (1) A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, where those persons agree to inflict an injury upon another and where there is an overt act resulting in damage, (2) Circumstantial evidence may be sufficient to prove an agreement between the conspirators; direct evidence in not necessary (3) A plaintiff need not prove that every conspirator knew the exact details of the plan or the identity of all participants, so long as the conspirators shared the same conspiratorial objectives (4) The question whether a conspiracy existed should not be taken from the jury where the jury can infer from the circumstances that the defendants had a meeting of the minds and thus reached an understanding to bring about the conspiracy's objectives (5) In a §1983 conspiracy case, Plaintiff must allege and prove both a conspiracy and an actual deprivation of rights.

Also, the conspirators need not know that their conduct is unconstitutional; specific intent to cause a constitutional deprivation is not required. There must be an understanding, or so concerted effort or plan, to cause harm or injury to the plaintiff, although a "smoking gun" is not necessary. (see, Bendiburg v. Dempsey, 909 F.2d 463, 469 [11th Cir. 1990]). Private parties may be liable in action under §1983 if they jointly engaged with state officials in challenged action; private parties conspiring with state officials are acting under color of state law. 42 U.S.C.A. §1983. (see, Sctto v. Almeanas, 143 F.3d 105)(cf. U.S. v. Torres, 901 F.3d 205 [2d Cir. 1990]).

On the night in question it is clear that defendants Covington and Quash did deliberately violate clearly established statutory and constitutional rights of which a reasonable person would have known.

X  ANY REMAINING STATE LAW CLAIMS THE THIRD AMENDED COMPLAINT
   MAY ALLEGE SHOULD BE CONSIDERED BY THE COURT

Adverse counsel is well aware of the fact that at the outset, plaintiff does not appear to allege any state-law claims in the third

-14-

amended complaint. Nonetheless plaintiff would respectfully remind all concerned parties that plaintiff is proceeding pro se and is not learned in law. Be that as it may this 42 U.S.C.A. §1983 action that has been brought against defendants Covington and Quash such action is for the willful deprivation and/or violations of plaintiff's constitutional rights. Defendants Covington and Quash's actions on May 19, 2006 said conduct was demonstrated 'under color of state law' in their individual capacities to knowingly and willingly deprive and/or violate plaintiff's State and Federal Constitutional Rights.

## CONCLUSION

For the above, and in the original opposition brief plaintiff GREGORY WHITE, respectfully requests that defendants renewed motions for summary judgment be denied.

Dated: May 4, 2012
New York, NY

By

Gregory White
Plaintiff pro se
45 W132 st., #16-M
New York, NY 10037

To:   Steven N. Schulman
      Asst. Attorney General
      120 Broadway-24th Floor
      New York, NY 10271

      Suzanna Publicker
      Asst. Corp. Counsel
      100 Church st.,  Rm. 3-200
      New York, NY 10007

-15-

```
CMSCHRON* * *   NEW YORK STATE DIVISION OF PAROLE  * * *        DATE: 05/20/2010
                        PAROLEE CHRONO REPORT                   PAGE:    1
                   FROM 03/17/2010 THRU 03/17/2010

   NAME: WHITE,GREGORY                              AREA:
   NYSID: 04131157Y                             SPO NAME:
   DIN: 07A1905                                  PO NAME:


DATE      TIME    TYPE                        ACTIVITY        LOCATION
```

ENTERED BY: MOSES,DANIEL P
AREA: BROOKLYN IV     SPO NAME: MOSES,DANIEL      PO NAME: BELL,LAIVY
REPORT TAKEN BY: MOSES,DANIEL
03/17/2010 04:25PM CASE CONFERENCE
AS PER B/C ARROYO,  SPO MOSES CALLED PAROLEE AT THE NUMBER PROVIDED AND INFORME
D HIM THAT HE IS NO LONGER REQUIRED TO REPORT FOR PAROLE SUPERVISION. HE WAS IN
FORMED THAT HE HAS A OPEN 07 ARREST.  THIS OFFICE WILL ONLY CONTACT HIM IF DIRE
CTED TO DO SO.  PO BELL WAS CONTACTED AND DIRECTED NOT TO VISIT SUBJECT ANY LON
GER ASPER B/C ARROYO.
SPO REVIEW: 03/17/2010
-------------------------------------------------------------------------------
ENTERED BY: ARROYO,MARTIN D
AREA: BROOKLYN IV     SPO NAME: MOSES,DANIEL      PO NAME: BELL,LAIVY
03/17/2010 11:45AM TELEPHONE TO OTHER
SPOKE WITH BILL GANNON FROM COUNSEL'S OFFICE. SUBJECT IS ELIGIBLE FOR 3YD,
MERIT TERMINATION AND MTS. DISCUSSED 3/3/2010 MEMO FROM KATHLEEN KILEY. AT THIS
TIME, SUBJECT'S 2007 DIN HAS BEEN VACATED. HIS ME IS 2020. SUBJECT STILL
HAS TIME REMAINING ON 2001 AND 1997 DIN. MR GANNON ADVISED THAT WE HAVE NO
CHOICE BUT TO SUBMIT MANDATORY. PAROLEE SHOULD BE ADVISED THAT HE SHOULD NOT
REPORT BUT DIVISION MAY HAVE TO DIRECT HIM TO REPORT AFTER HIS APRIL 1
SENTENCING IF THE DIVISION IS DIRECTED TO DO SO. MANDATORY WAS DUE AS OF 8/5/
2008 AND WILL BE SUBMITTED BY B/C ARROYO.
SPO REVIEW: NONE
-------------------------------------------------------------------------------
ENTERED BY: MOSES,DANIEL P
AREA: BROOKLYN IV     SPO NAME: MOSES,DANIEL      PO NAME: BELL,LAIVY
REPORT TAKEN BY: MOSES,DANIEL
03/17/2010 08:44AM CASE CONFERENCE
RECEIVED CALL FROM MIDSTATE CF AS THE FOLDER HAS BEEN FOUND AND WILL BE SENT T
O BK04 TODAY IN THE MAIL.
SPO REVIEW: 03/17/2010
-------------------------------------------------------------------------------
ENTERED BY: MOSES,DANIEL P
AREA: BROOKLYN IV     SPO NAME: MOSES,DANIEL      PO NAME: BELL,LAIVY
REPORT TAKEN BY: MOSES,DANIEL
03/17/2010 08:37AM CASE CONFERENCE
SPO MOSES CALLED MIDSTATE CF AT 315-768-8581 EXT 1100.  SPOKE WITH MS.DEBORAH
KASPRZYK. A SEARCH FOR THE CASE FOLDER WAS CONDUCTED BUT COYULD NOT BE FOUND.
SHE WILL CONTINUE THE SEARCH AND CONTACT ME WITH THE RESULTS.
SPO REVIEW: 03/17/2010
-------------------------------------------------------------------------------


                   * * * NO DATA OR END OF DATA * * *



                        Exhibit - A -



## STATE OF NEW YORK
## EXECUTIVE DEPARTMENT
### DIVISION OF PAROLE

# FINAL DISCHARGE

Albany, New York
**3/11/2011**

*This is to certify that*

## *GREGORY WHITE*

*has this day been discharged from further jurisdiction of*
*the Board of Parole in accordance with the provisions of law.*

Exhibit -B-

NYSID/DIN: ████████07A1905
AREA: BROOKLYN IV
SPO: CAMACHO,ALFONSO
PO: MOORE,APRIL

Supp, Dec.
$B_x$. F

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D25061
W/kmg

_____AD3d_____

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
RANDALL T. ENG
JOHN M. LEVENTHAL, JJ.

2007-02981

The People, etc., respondent,

v Gregory White, appellant.

(Ind. No. 3821/06)

Submitted - October 15, 2009

RECEIVED
Criminal Resp. ...
Date 12-12-22 ...

**STATE OF NEW YORK** } ss
**COUNTY OF KINGS**

I, NANCY T. SUNSHINE, Clerk of the County of Kings and Clerk of the Supreme Court in and for said County (said Court being a Court of Record) DO HEREBY CERTIFY that I have compared the annexed with original.......... ...... ... filed in my office ...... 12-14-10 ..... and that the same is a true transcript thereof and of the whole of such original

In testimony Whereof, I have hereunder set my hand and affixed the seal of said County and Court, this ....../.....day of.... 12 ...n..20....15

NANCY T. SUNSHINE  County Clerk

Lynn W. L. Fahey, New York, N.Y. (Winston McIntosh of counsel), for appellant.

Charles J. Hynes, District Attorney, Brooklyn, N.Y. (Leonard Joblove and Victor Barall of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Walsh, J.), rendered March 23, 2007, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

A plea of guilty is valid only if it is entered knowingly, voluntarily, and intelligently (*see People v Nixon*, 21 NY2d 338, *cert denied* 393 US 1067). A defendant who has not received the effective assistance of counsel in deciding to plead guilty cannot be bound by his plea, since such a plea is not a knowing and intelligent act (*see Hill v Lockhart*, 474 US 52, 56-59; *Sparks v Sowders*, 852 F2d 882, 884). In the context of a plea of guilty, a defendant has been afforded the effective assistance of counsel when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404).

Here, the record shows that, when the defendant entered a plea of guilty to criminal possession of a controlled substance in the fifth degree, he had been erroneously advised by counsel

November 17, 2009

Page 1.

PEOPLE v WHITE, GREGORY
Exhibit-C-

that the plea would not result in an automatic revocation of his parole.

Whether a defendant's parole will be revoked as a result of a plea of guilty is considered a collateral consequence of the plea. Here, the attorney made affirmative misstatements to the defendant about the collateral consequences of his plea. Such erroneous advice may support a claim of ineffective assistance of counsel, provided that the defendant can show that, but for the erroneous advice, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial (*see People v McDonald*, 1 NY3d 109, 114-115).

That the defendant considered parole an important factor in determining whether to accept an offer by the prosecution is apparent from the record developed in connection with his motion to withdraw his plea. The importance of the consideration is established not only by the prosecutor's awareness of the defendant's parole concerns at the plea proceeding, but also by the multiple assurances that the defendant received in letters from his attorney prior to taking the plea that his parole would not be revoked. But for counsel's error, it is unlikely that the defendant would have pleaded guilty.

Since, as the People correctly concede, the defendant did not receive the effective assistance of counsel in deciding to plead guilty, the defendant's plea must be vacated.

MASTRO, J.P., BALKIN, ENG and LEVENTHAL, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme
Court. Second Judicial Department, do hereby certify that I have compared
this copy with the original filed in my office on NOV **1 7 2009** and that
this copy is a correct transcription of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed
the seal of this Court on NOV **1 7 2009**
*James Edward Pelzer*

07A1905
Midstate

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF KINGS:  CRIMINAL TERM : PART 50
     ---------------------------------------------------X
3    THE PEOPLE OF THE STATE OF NEW YORK

4                      - against -
                                        MYSIO#
5    GREGORY WHITE,                      04131157Y

6                                    Defendant
     ---------------------------------------------------X
7
     Indict. No. 3821/2006
8                                    320 Jay Street
                                     Brooklyn, New York
9                                    April 1, 2010

10   B E F O R E :  HONORABLE JOHN P. WALSH
                                     Justice
11

12
     A P P E A R A N C E S :
13

14              CHARLES J. HYNES, ESQ.
                DISTRICT ATTORNEY - KINGS COUNTY
15                  for the People
                BY:  ILEANE SPINNER, ESQ.
16                       Assistant District Attorney

17

18              ASSIGNED COUNSEL PLAN
                Attorney for the Defendant
                   PO Box 236
19                 Franklin·Square, New York 11010
                BY:  MARTIN GOLDBERG, ESQ.
20

21

22                             Cheryl-Lee Lorient

23              Official Senior Court Reporter

24

25

Exhibit-D-

Proceedings

1       COURT CLERK: Calendar number 21, indictment

2   3821 of 2009 Gregory White sentencing section.

3       MR. GOLDBERG: Martin Goldberg, appearing for

4   Mr. White, who is present in Court.

5       THE COURT: This is a return? This is from

6   the Appellate Division.

7       MR. GOLDBERG: Judge, this was a return from

8   the Appellate Division. He appeared before your Honor.

9   He then took a plea. He had already served the amount

10  of time that would be required under the new plea. So,

11  I explained to him he would have to go inside so they

12  could make the calculations and then come back out. He

13  also had parole consequences. I made no

14  representations about that. He informs me that he's

15  received a call from them telling him that he's no

16  longer on parole. Be that as it may, in the meantime,

17  he has already put in letters, Judge, planning -- in

18  essence, about all sorts of things that I did or did

19  not do. I understand today that he wants me to

20  continue representing him, so I would like him to put

21  that on the record today, if that's true.

22      THE COURT: Okay. So, you are withdrawing

23  that so we can sentence you today, is that it, these

24  letters?

25      THE DEFENDANT: Correct.

Proceedings

 ·1                 THE COURT:  All right.  So, let's do that·

  2      He has to be arraigned as a predicate, I understand.

  3                 MR. GOLDBERG:  Judge, I would assume that,

  4      that was done a long time ago.  Judge, that would have

  5      to have been done before the first sentencing.

  6                 THE COURT:  They make the point, the sentence

  7      was vacated.  So, we have to do it again.  So, we'll

  8      just do it again.

 9 ·                MR. GOLDBERG:  Do it again.

 10                 MS. SPINNER:  Judge, I just have the last

 11      copy, the People's copy, that was left.

 12                 COURT CLERK:  Mr. White, you have been

 13      provided with a statement by the District Attorney

 14      according to Article 400 of the Criminal Procedure Law

 15      and Article 70 of the Penal Law, which states that you

 16      have been convicted and sentenced on a prior felony,

 17      two criminal sales of controlled substance in the third

 18      degree on July 18, 2001, in Supreme Court Queens, under

 19      indictment N10952 of 2000.

 20                 You may admit, deny or stand mute as to

 21      whether you were the person who was convicted and

 22      sentenced on that felony as recited in the statement.

 23      If you wish to controvert the statement on any ground,

 24      including violation of your constitutional right, you

 25      must state the ground.  You are entitled to a hearing

Proceedings

1       before the Court without a jury.  Mr. White, have you

2       received a copy of this statement?

3                   THE DEFENDANT:  I'm reviewing it, yes.

4                   COURT CLERK:  Have you received a copy of the

5       statement?

6                   THE DEFENDANT:  Yes.

7                   COURT CLERK:  Have you discussed this matter

8       with your attorney?

9                   THE DEFENDANT:  Yes.

10                  COURT CLERK:  Do you admit you are the person

11      who was convicted and sentenced on the felony as

12      recited in the statement?

13                  THE DEFENDANT:  Yes.

14                  COURT CLERK:  Do you wish to challenge the

15      constitutionality of the prior conviction?

16                  THE DEFENDANT:  No.

17                  THE COURT:  Defendant is deemed a second

18      felony drug offender.  Do you have anything you want to

19      say?

20                  THE DEFENDANT:  Well, your Honor, yes, I

21      would like to get this matter over, behind me.

22                  THE COURT:  Just raise your voice.

23                  THE DEFENDANT:  Let the record reflect I

24      would like to get these matters over with so I can

25      remain in society and get my live back together again

Proceedings

1    as I was doing prior to this unfortunate incident.

2    That's it.  As we all know, I spent like twice the

3    amount of time of the sentence previously entered.

4    And, I just -- I'm tired of this.  I'm frustrated.  I

5    want to go.

6              THE COURT:  Okay.  He is sentenced to one and

7    a half years.  As part of the sentence there is one

8    year post release supervision and surcharge is imposed.

9    And, June 2nd to pay.

10              COURT CLERK:  We think he might have paid it

11   already, Judge.

12              THE COURT:  Okay.

13              MR. GOLDBERG:  For the record, he asks me to

14   submit a notice of appeal.  And, I will do that on his

15   behalf.

16              THE COURT:  Didn't he waive it?

17              MS. SPINNER:  He waived it.

18              COURT CLERK:  License suspended.

19              REPORTER'S CERTIFICATION

20         I hereby certify that the foregoing is a

21    true and accurate transcript of the

22    proceedings.

23

24              _Cheryl-Lee Lorient_
              Cheryl-Lee Lorient
              Official Senior Court Reporter

25